Dorothy **KUSTES**, Plaintiff,

v.

**BITUMINOUS INSURANCE COMPANY**, Defendant.

No. 85–4234.

United States District Court, C.D. Illinois.

Nov. 17, 1987.

Roxy M. Schumann, Braud/Warner, Ltd., Rock Island, Ill., for plaintiff.

Kalvin M. Grove, Martin K. Denis, Fox & Grove, Chtd., Chicago, Ill., B. Douglas Stephens, Jr., VanderKamp, Cleaver & Stojan, P.C., Rock Island, Ill., for defendant.

## ORDER

MIHM, District Judge.

This age discrimination case is before the Court upon the Defendant's Motion for Summary Judgment. Plaintiff has responded to this Motion, and Defendant has filed a Reply to Plaintiff's Response.

The facts of this case which are relevant to this Motion are as follows: The Plaintiff claims that her employer, Bituminous Insurance Company, fired her in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. (ADEA) when Bituminous discharged her on January 4, 1983. Kustes was hired on November 26, 1979 as a code clerk in Bituminous' policy management system department. Her principal tasks in that department were coding and entry work. In February of 1982, her superiors informed her that she was not adequately performing her job and that she would be terminated in June, 1982 because the department would soon be using new, more complicated equipment. However, rather than being terminated, Kustes was transferred in May of 1982 to the administrative services group. Kustes was informed of the expectations of her employers as to her job performance, and she herself acknowledged that she was apprised of her errors and her lack of speed in performing her duties.

In late 1982, Bituminous announced a new policy whereby the work week would be increased from 37½ to 40 hours. Because the employees would thereby be able to handle a greater work load, Sam Lafferty, the vice president, administrative services, decided that he could reduce his staff between 3 and 10 percent. Initially, he terminated part-time employees, and then he terminated temporary full-time employees. Kustes had been assigned the classification of temporary full-time employee when she transferred to the ASG department, and between January 4, 1983, when Kustes' employment was terminated, and April 14, 1983, ten temporary full-time employees were terminated, including Kustes. In explaining his decision to dismiss Kustes, Lafferty stated that he had to retain the employees who performed their jobs more efficiently, and that Kustes' performance just did not measure up to that of the employees whom he retained.

The proper analysis for an age discrimination claim under the Age Discrimination in Employment Act was set out by the Seventh Circuit in La Montagne v. American Convenience Products, Inc., 750 F.2d 1405 (7th Cir.1984). Under this analysis, a plaintiff must prove that age was a "determining factor" in her employer's decision to discharge her, in the sense that the employer would not have discharged the employee "but for" her employer's motive to discriminate against her because of her age. A plaintiff may try to meet this burden of proof directly by presenting direct or circumstantial evidence that age was a determining factor in the discharge.[1]

---

1. The court acknowledged that the more common method of proof is one adapted from the formula applied in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), for racial discrimination cases under Title VII of the Civil Rights Act of 1964. This formula, which focuses on indirect proof of discrimination, requires that the plaintiff first prove a prima facie case of age discrimination by showing: (1) that he was in the protected age group (40–70); (2) that he was discharged; (3) that he was doing his job well enough to meet his employer's legitimate expectations; and (4) that the employer sought a replacement for him. 750 F.2d at 1409. Once the plaintiff sets forth such a prima facie case, the burden falls on the

Not only does the *La Montagne* case set forth the elements for an age discrimination case, but it also resolves many of the issues raised by the facts in the present case. In *La Montagne*, the Seventh Circuit affirmed the district court's decision to grant the defendant's motion for judgment notwithstanding the jury verdict in favor of the plaintiff. Although the present case is before the Court on the Defendant's Summary Judgment Motion, many of the legal rulings in *La Montagne* lead this Court to conclude that there are no material factual issues in dispute and to grant summary judgment in favor of the Defendant.

The Plaintiff argues that she has submitted sufficient evidence to raise factual issues that would preclude the Court's entry of summary judgment in favor of the Defendant. For example, the Plaintiff contends that she performed some tasks incorrectly because her direct supervisor, Marianne Van Roekel, had given her incorrect procedures for performing those tasks. The Plaintiff also claims that there were no set standards that an employee working in the ASG unit had to meet and that no definite time frame was established for the Plaintiff's achieving a suitable performance level when she did transfer into the unit. The deposition of Marianne Van Roekel shows that she did not consider her discussions with the Plaintiff about her job performance as warnings, but rather considered them "counseling."

The Plaintiff also points to evidence which shows that Vanessa Haines, a woman in her 20's, was warned by Marianne Van Roekel about her job performance, but was not terminated. Ms. Haines was continuously counseled from March 25, 1983 through July 16, 1983, and was deemed to have reached the expected level of performance required of an ASG clerk on October 10, 1983. The Plaintiff contends that this evidence shows differential treatment by the employer based upon the age of the employee. She also argues that Sam Lafferty had no firsthand knowledge as to how she was performing her job, but relied solely on the subordinate supervisor. Thus, Plaintiff contends that Mr. Lafferty was not in a position to know whether the information reported to him by Marianne Van Roekel was correct or accurate, and that he never investigated Plaintiff's allegation of age discrimination.

The Plaintiff also mentions a few incidents in which "disparaging" remarks dealing with her age were made by Marianne Van Roekel. These remarks include, "The older some people get, the harder it is for them to learn," and, "At your age, you're lucky you still have a dependent." (Kustes Dep. at 207). Plaintiff also describes an incident in which Marianne Van Roekel brought up the subject of early retirement to Marie Thomas, an ASG II unit employee who was in her 60's. The evidence shows that of the six employees who worked under Van Roekel between October, 1982 and January, 1983, two employees were over the age of 40, and that Dorothy Kustes was dismissed from employment in January of 1983.

Applying the *La Montagne* case to this evidence, it is appropriate for the Court to grant the Defendant's Motion for Summary Judgment. The evidence submitted by the Plaintiff does not suggest age discrimination, but rather, conforms to the Defendant's explanation that the Defendant was laying off employees because of staff cut backs. The Defendant explains that the difference in time allowed for training Dorothy Kustes and Vanessa Haines was due in large measure to its affirmative action effort to increase its employment of minorities such as Haines, who is black. More-

defendant to articulate lawful reasons for the discharge. This burden is one of production, because the burden of persuasion remains at all times with the plaintiff. If the defendant articulates lawful reasons, the presumption of discrimination is dissolved, and the burden falls on the plaintiff to prove that the proffered reasons are a pretext, by showing either that a discriminatory reason more likely motivated the employer or that the employer's proffered explanation is unworthy of credence. The indirect method of proving a discrimination claim compensates for the plaintiff's evidentiary difficulties in gathering proof of age discrimination by permitting the plaintiff to prove his case by disproving all potential lawful motivations of the employer. *Id.* at 1409–10.

over, Haines was hired as a potential replacement for the supervisor Van Roekel, even though this did not subsequently occur.[2] Haines was a regular full-time employee and all of the terminated employees affected by the staff cut backs, including Kustes, were temporary full-time positions. Thus, the Defendant suggests that Haines' situation was different from Kustes' in a number of ways and that this accounts for the different treatment she received from the employer.

While it is arguable that some statements that were made to Plaintiff were derogatory, all of the alleged "disparaging" age remarks were made by Van Roekel, but the decision to release Kustes was made by Lafferty. In *La Montagne,* the court addressed a situation where an employee of the defendant had made a statement regarding finding a younger replacement for the plaintiff to the company official who subsequently discharged the plaintiff. The court held that the statement was not substantial evidence to support a finding of age discrimination because the statement involved a lower employee's thoughts, but were not probative of the motivation behind the decision of the higher ranking company official who fired the plaintiff. 750 F.2d at 1412. Similarly, in the present case, the Plaintiff has not presented any evidence that someone other than Lafferty fired her or concurred in the decision to fire her, nor has she presented any evidence which is probative of the motivation behind Lafferty's decision. Regardless of whether Van Roekel was prejudiced against older workers, the relevant inquiry in this age discrimination claim is the motivation of Lafferty because the decision to fire Kustes was made by Lafferty. Because the Plaintiff has presented no evidence on this issue, there is no genuine issue of material fact in dispute to preclude summary judgment in favor of the Defendant. The Court acknowledges that application of the *La Montagne* rule may make proof of an ADEA case against a corporate defendant a formidable task, but the Court is bound by that authority.

The Defendant also argues that the Plaintiff's claim is barred by the two year statute of limitations in the ADEA. As discussed by the Seventh Circuit in *Walton v. United Consumers Club,* 786 F.2d 303 (7th Cir.1986), the two year limitations period is the norm for ADEA claims, but a three year limitations period applies if the plaintiff shows a "willful violation." According to the court, the willful standard is met when showing that the defendant made its decision knowingly or recklessly in violation of the ADEA. Because the facts do not support the Plaintiff's ADEA claim, it also follows that the Plaintiff has not made out a case for a knowing or reckless violation. Thus, because the Plaintiff has not made a prima facie showing of her case, and because the Defendant has presented legitimate reasons for dismissing Plaintiff so as to successfully rebut a prima facie case, summary judgment is appropriate in favor of the Defendant.

It is therefore ordered that the Defendant's Motion for Summary Judgment is GRANTED.

It is so ordered.

---

**2.** Haines became ill in late 1982 and was absent from work for a couple of weeks, and therefore, her training had to begin all over again when she was finally able to return to work.